UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JEFFREY GRAY, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | Civil Action File No. |
| ) | |
| CATHY SASNETT, in her individual ) | 7:23-cv-00120-WLS |
| and official capacity as the Manager ) | |
| of the Georgia Department of ) | |
| Economic Development, ) | |
| SGT. KYLE WHITE, ) | |
| MIKE WELCH, in their individual ) | |
| and official capacities as LEOs, ) | |
| ) | |
| *Defendants*. ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT SASNETT'S MOTION TO DISMISS**

COMES NOW Plaintiff Jeffrey Gray ("Plaintiff") in the above-styled case, and hereby files this Brief in Opposition to Defendant Sasnett's Motion to Dismiss.

**Statement of Facts and Background**

Plaintiff Jeff Gray visited a location believed to be owned Georgia Department of Economic Development, located in Valdosta, Georgia on September 30, 2021, in order to take a break from driving and use the public restroom. Complaint ¶ 4.

1

In addition to this, Plaintiff also stood outside of the public building and held up a sign with the words "God Bless Homeless Veterans". Id. Plaintiff was careful not to block the pathways for other individuals to prevent obstructing others' ability to enter or exit the building. Id. at ¶ 5.

Despite none of Plaintiff's conduct being unlawful, Defendant Cathy Sasnett ("Defendant Sasnett") approached Plaintiff, inquiring whether he needed assistance of any sort, to which Plaintiff politely declined. Id. at ¶ 8. In response, Defendant Sasnett told Plaintiff that he was not permitted to be on this public sidewalk by the public building with his sign, erroneously defining it as "soliciting". Id. at ¶ 9. Nothing about Plaintiff's conduct ever suggested that he was asking for donations, money, or help of any sort. Id. Regretfully, however, this did not stop Defendant Sasnett from violating Plaintiff's rights by telling him that he was not permitted to be present on state (or public) property and engage in any political or religious speech. Id. at ¶ 11. Defendant then insisted that Plaintiff leave the public property, and then called the Lowndes County Sheriff's Office in response. Plaintiff respectfully maintained his rights under the Federal and State Constitutions. Id. at ¶¶ 12-13.

Defendants Welch and White responded to Defendant Sasnett's call. Id. at ¶¶ 14 and 21. In response to Plaintiff's question as to what law he was breaking,

Defendant Welch stated that Plaintiff was "criminally trespassing", despite Plaintiff being a citizen engaged in protected speech on public property. Id. at ¶ 15. Defendant Welch then attempted to explain how Plaintiff was actually on "private" property that was owned by the State of Georgia, which is contrary to the definitions of "public" or "private" property. Id. at ¶ 16.[1] Defendant Welch then concluded that if the employees in the public building wanted Plaintiff to leave, then Plaintiff had to leave. Id. Additionally, and without citing to any state law, local ordinance, or other binding regulation, Defendant Welch additionally informed Plaintiff that he must have a permit in order to hold up his sign on public property. Id. at 28. When Plaintiff inquired of the consequences should he not leave the public property voluntarily, Defendants White and Welch informed him that he would be arrested. Id. at ¶30. Defendants therefore criminally trespassed Plaintiff without the formal trespass notice having been provided. Id. In order to avoid arrest and under duress at the threat of further restriction of his liberty, Plaintiff left the premises and ceased his speech, despite having not violated any law. Id. at 32.

---

[1] See O.C.G.A. § 50-16-180(2) (defining "public property") and O.C.G.A. § 44-1-13 (defining "private property").

**Argument**

Plaintiff admits that there does not appear to be valid service on Defendant Sasnett, and that the lack of jurisdiction based on that would justify dismissal of the claims against Defendant Sasnett.

Plaintiff responds to this motion regarding Defendant White and Welch's apparent attempted adoption of Defendant Sasnett's arguments, specifically the argument set forth in Section E of Defendant Sasnett's Brief in Support.

While Defendants conduct a forum analysis using *Sentinel Communications Co. v. Watts,* 936 F.2d 1189, 1203 (11th Circ 1991), that case deals with commercial activity on public property and a challenge to it. This is far from the case at bar, where Plaintiff was simply holding a sign and stating "God Bless Homeless Veterans", which is simple speech that was not prohibited by any viewpoint neutral policy, or able to be restricted under any strict scrutiny analysis.

Plaintiff also disputes Defendants' analysis of the forum at issue. Streets have been considered for assembly and communication2, and it is absolutely reasonable that the rest area, off of the street which is the interstate system, could be considered a public forum.

---

[2] *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45, 103 S. Ct. 948, 954–55, 74 L. Ed. 2d 794 (1983)

But even if not, and the visitor center at issue is considered a non-public forum, there are still first amendment protections:

> In addition to time, place, and manner regulations, the state may reserve the forum for its intended purposes, communicative or otherwise, **as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view.**

<u>Perry Educ. Ass'n v. Perry Local Educators' Ass'n</u>, 460 U.S. 37, 46, 103 S. Ct. 948, 955, 74 L. Ed. 2d 794 (1983) (**emphasis** added).

Here, the Defendants targeted Plaintiff's speech because they were opposed to his views. There were no rules or regulations or standards that were being applied to Plaintiff, just an arbitrary and subjective dislike for Plaintiff's sign and speech. Defendants do not and did not adopt a policy of banning signs at the visitor center, or people talking to each other about veterans, homelessness, or God. In contrast, they arbitrarily targeted Plaintiff and threatened him with trespass and arrest.

Also, the dislike of Plaintiff's speech by Defendants, and the dislike of the exercise of his religion and religious belief through the message of "God Bless Homeless Veterans", acts as retaliation against and a burden on him and his religious belief in God. Plaintiff does not need to define or prove his religious beliefs in order to be protected from retaliation and targeting by government officials for his speaking about religion or wanting God to help homeless veterans.

Plaintiff further adopts and incorporates his responses to Defendant White and

5

Welch's previous motions to dismiss.

## CONCLUSION

For all the reasons stated above, Defendant Sasnett's Motion to Dismiss should be denied as to Defendants White and Welch.

Respectfully submitted this 7th day of March, 2024.

                                             /s/ Jordan Johnson
                                             Jordan "Alex" Johnson
                                             Georgia State Bar No. 673643

                                             Catherine S. Bernard
                                             Georgia State Bar No. 505124

                                             Jessica Burton
                                             Georgia State Bar No. 196253
                                             Counsel for Plaintiff

5 Dunwoody Park
Suite 100
Atlanta, GA  30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law
Catherine@Justice.Law
Jessica@Justice.Law

## **CERTIFICATE OF SERVICE**

I certify that I have served this Notice of Appearance to counsel of record via e-filing of this document through the CM/ECF system and will send a notice of electronic filing to any attorneys of record.

Respectfully submitted this 7th day of March, 2024.

/s/ Jordan Johnson
Jordan "Alex" Johnson
Georgia State Bar No. 673643

Catherine S. Bernard
Georgia State Bar No. 505124

Jessica Burton
Georgia State Bar No. 196253
Counsel for Plaintiff

5 Dunwoody Park
Suite 100
Atlanta, GA  30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law
Catherine@Justice.Law
Jessica@Justice.Law