## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

JEFFREY GRAY,                                    :
                                                 :
        Plaintiff,                               :
                                                 :
    v.                                           :        CASE NO.: 7:23-CV-120 (WLS)
                                                 :
CATHY SASNETT, in her individual                 :
and in official capacity and the manager         :
of the Ga Department of Economic                 :
Development, SGT. KYLE WHITE,                     :
and DEPUTY MIKE WELCH, in their                  :
individual and official capacities as  LEOs      :
with the Lowndes County Sheriff's                :
Office,                                          :
                                                 :
        Defendants.                              :
_____ :

### ORDER

Before the Court are Defendants' Motions to Dismiss (Docs. 2; 7; 14) Plaintiff's Amended Complaint (Doc. 6), which asserts federal claims under § 1983, First Amendment, Retaliation and Chilling, and claims under Georgia law for Deprivation of Speech, Negligence, Punitive Damages, and Attorney's Fees against the Defendants.

For reasons stated below, Defendants' Motion to Dismiss (Doc. 2) is **DISMISSED as moot**; Defendant Sasnett's Motion to Dismiss (Doc. 14) is **DISMISSED without prejudice**; and Defendants White and Welch's Motion to Dismiss (Doc. 7) is **GRANTED-IN-PART**.

## RELEVANT PROCEDURAL HISTORY

In November of 2023, Defendants Deputy Mike Welch and Sergeant. Kyle White filed a Notice of Removal (Doc. 1) to this Court. That same day, Defendants Welch and White filed a Motion to Dismiss for a Failure to State a Claim (Doc. 2). Fourteen (14) days later, Plaintiff filed an Amended Complaint (Doc. 6), which, in effect, rendered moot the Motion to Dismiss (Doc. 2) the original complaint. *See, e.g.*, *Dresdner Bank AG. v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006). Accordingly, Defendants' Motion to Dismiss (Doc. 2) is **DISMISSED as Moot**.

Once Plaintiff filed an Amended Complaint (Doc. 6), Defendants Welch and White filed a Motion to Dismiss the Amended Complaint (Doc. 7). Plaintiff filed his Response in opposition (Doc. 10) in December of 2023. Thereafter, Defendants Welch and White filed their Reply (Doc. 11).

In February of 2024, Defendant Cathy Sasnett filed a Motion to Dismiss (Doc. 14). All Defendants filed Motions to Stay Discovery (Docs. 15; 16) pending the Court's ruling on their Motions to Dismiss, which the Court granted (Doc. 17) and stayed discovery in this case. Subsequently, Plaintiff filed a Response in Opposition (Doc. 20) to Defendant Sasnett's Motion to Dismiss (Doc. 14).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not just merely conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, to

survive a motion to dismiss, a complaint does not need to contain "detailed factual allegations," but must "give defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. (quotations omitted).

A dismissal for failure to state a claim is proper "if the factual allegations are not enough to raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (internal citation and quotation marks omitted). In conducting its analysis, the Court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Additionally, in evaluating the sufficiency of a plaintiff's pleadings, the Court must "make reasonable inferences in the plaintiff's favor" but is not "required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Prod., N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).

The Supreme Court has instructed that although a court "must accept as true all of the allegations contained in a complaint" while assessing a motion to dismiss, this principle is not applicable to legal conclusions, which must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555. Conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas. Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## **PLAINTIFF'S AMENDED COMPLAINT (Doc. 6)**

Plaintiff's Amended Complaint (Doc. 6) alleges the following. On or about September 30, 2021, Plaintiff was holding a sign outside of the Georgia Department of Economic Development that had the words "God Bless Homeless Veterans" in Valdosta, Georgia. (Doc. 6, at 2–3). Plaintiff alleges that he was "at no time" soliciting for money,

business, or services; nor using obscene or abusive language; nor blocking the pathway of any individuals from using the sidewalk on which he was standing; nor obstructing the pathway to any entrance of exit. (*Id.* at 3). Plaintiff alleges that he took a short break from his sign-holding to go inside the government building to use the restroom. (*Id.*)

When Plaintiff returned to the sidewalk, Defendant Sasnett allegedly approached Plaintiff to inquire whether Plaintiff needed some assistance, to which Plaintiff allegedly "politely" declined. (*Id.*) Then, Defendant Sasnett allegedly told Plaintiff that Plaintiff "can't hang out here with that sign," and allegedly claimed that Plaintiff's sign-holding constituted "soliciting," even though Plaintiff was not asking for any donations, money, or any sort of assistance. (*Id.* at 3–4). Plaintiff allegedly "assured" Defendant Sasnett that he was going to hold the sign that says "God Bless Homeless Veterans" for approximately one to two hours. (*Id.* at 4). But Defendant Sasnett allegedly told Plaintiff that Plaintiff was not allowed "to do any such thing as a private citizen on state property that constituted political or religious speech" and insisted that Plaintiff leave the premises (*Id.*) Defendant Sasnett also allegedly called the Lowndes County Sheriff's Office to "present Plaintiff with a trespass notice." (*Id.*)

Defendant Welch allegedly came to the scene and informed Plaintiff that Defendant Sasnett did not want Plaintiff outside of the building and holding the sign. (*Id.* at 4–5). When Plaintiff allegedly asked Defendant Welch what policy or law he was violating, Defendant Welch responded that it would be "criminal trespassing" because the workers inside the building get to decide "who they do or do not want on the property." (*Id.* at 5). Plaintiff allegedly told Defendant Welch that this was public property, but that Defendant Welch allegedly insisted Plaintiff to leave because that is what the employees inside the building wanted Plaintiff to do. (*Id.*) Plaintiff allegedly assured Defendant Welch that Plaintiff was not

soliciting and only engaging in free speech on public property. (*Id.*) But Plaintiff alleges that Defendant Welch merely responded that it is the State employee's property, so the employees can do what they want. (*Id.* at 6).

Thereafter, Defendant White also allegedly arrived on the scene, and Plaintiff allegedly told Defendant White that he believed Defendant Sasnett was misunderstanding Plaintiff's activity as solicitation instead of free speech. (*Id.*) Defendant White allegedly informed Plaintiff that the public property was "owned by the State of Georgia" and that this "technically" made it a "private property." (*Id.* at 7). Furthermore, Defendant White allegedly stated, "Yes, absolutely," when Plaintiff asked him if the State's employees can decide who can and cannot be on the public property. (*Id.*) Plaintiff then allegedly asked what would happen if he continued to hold the sign, and Defendant Welch allegedly stated that it would constitute criminal trespass. (*Id.* at 8). When Plaintiff allegedly disagreed with the opinion, Defendant Welch allegedly told Plaintiff that he could "move a few feet over to the side of the road and continue doing what he was doing." (*Id.*) But if Plaintiff wished to remain on the public property, Defendant Welch allegedly told him that Plaintiff needs to obtain a permit to do so. (*Id.*) Plaintiff alleges that when he told Defendants Welch and White that he was "strictly engaged in freedom of speech and freedom of religion," Defendant White allegedly told Plaintiff that he agrees with Plaintiff that it is "freedom of speech and freedom of religion." (*Id.* at 8–9). Plaintiff allegedly told Defendants White and Welch that he will leave only if he is "criminally trespass[ing]" but would rather stay on the public property to hold the sign. (*Id.* at 9). But Defendant Welch allegedly told Plaintiff that he had to stop what he was doing "immediately" or Plaintiff "would be arrested." (*Id.*) Plaintiff alleges that "under duress in fear of the loss of his liberty," he "wished" Defendants

White and Welch a "good day" before leaving the premises. (*Id.*) Plaintiff brings federal claims under § 1983 and the First Amendment as well as state law claims of negligence, deprivation of speech under the Georgia constitution, punitive damages, and attorney's fees against the Defendants. (*Id.* at 9–18).

## DISCUSSION

Pending before the Court are Defendants White and Welch's Motion to Dismiss (Doc. 7) and Defendant Sasnett's Motion to Dismiss (Doc. 14).

### I.    Defendant Sasnett's Motion to Dismiss (Doc. 14) is GRANTED

Defendant Sasnett argues that Plaintiff's Amended Complaint should be dismissed based on lack of service, statute of limitations, sovereign immunity, the Eleventh Amendment immunity, and failure to state a claim for First Amendment. (Doc. 14-1). Plaintiff filed a Response (Doc. 20), conceding that "there does not appear to be valid service on Defendant Sasnett and that the lack of jurisdiction based on that [ground] would justify dismissal of the claims against Defendant Sasnett." (Doc. 20, at 4).

Upon review of Defendant Sasnett's argument (Doc. 14-1)[1] regarding lack of service, the Court agrees with Plaintiff and Defendant Sasnett that a dismissal of Plaintiff's claims against

---

[1]    Defendant Sasnett notes that she did not waive any defenses as to jurisdiction and service of process and that Plaintiff did not serve her before the removal of the case to the federal court. (Doc. 14-1, at 5); (*See* Doc. 1). Defendant cites to 28 U.S.C. § 1448, which provides:

> [A]ll cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448.

Defendant Sasnett is appropriate. Accordingly, Defendant Sasnett's Motion to Dismiss (Doc. 14) is **GRANTED**. Plaintiff's Amended Complaint (Doc. 6) and claims therein against Defendant Sasnett is **DISMISSED without prejudice**.

## II. <u>Defendants Welch and White's Motion to Dismiss (Doc. 7) is GRANTED-IN-PART</u>

Defendants Welch and White argue that Plaintiff's Amended Complaint must be dismissed because of improper service, the Eleventh Amendment immunity, and qualified immunity. (Doc. 7-1). Plaintiff filed a Response in Opposition (Doc. 10). Subsequently, Defendants Welch and White filed a Reply (Doc. 11). The Court first addresses the issue of improper service of process. For reasons stated below, the Court **GRANTS-IN-PART** Defendants' Motion to Dismiss (Doc. 7) based on improper service of process and shall **ORDER** Plaintiff to properly serve Defendants Welch and White within **twenty-one (21) days** of entry of this Order.

In their Motion to Dismiss (Doc. 7), Defendants Welch and White contend that Plaintiff purposed service on them via another deputy from Lowndes County Sheriff's Office. (Doc. 7-1, at 12). Defendants contend that service upon Lowndes County Sheriff's deputies by another Lowndes County Sheriff's deputy in a case, in which the Lowndes County Sheriff's deputies are parties, is invalid and void because service must be done by

---

In addition, service must be perfected within "90 days after the complaint" is filed. Fed. R. Civ. P. 4(m). Here, the case was removed to this Court on November 6, 2023. (Doc. 1). The 90-day period to serve Defendant Sasnett since the removal would have expired on February 4, 2024. (Doc. 14-1, at 6). But here, the record does not show that Plaintiff served Defendant Sasnett with summons and a copy of the complaint or amended complaint. (*See generally* the docket); (Doc. 14-1, at 6). Therefore, the Court agrees with both Defendant Sasnett and Plaintiff Gray that dismissal of Plaintiff's claims against Defendant Sasnett is appropriate based on lack of service. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

someone "who is <u>not a party</u>" to the case. (*Id.*) (citing Fed. R. Civ. P. 4(c)(2); O.C.G.A. § 9-11-4(c)(1), (4)) (emphasis added).

On the other hand, Plaintiff argues that Defendants' attachment of the affidavit of service shows that they were "properly served," and thus, establishes the prima facie evidence of valid service. (Doc. 10, at 16–17). Plaintiff also contends that Defendants failed to show that a party served another party because neither the sheriff nor the deputy who served process on Defendants White or Welch are named parties to the instant lawsuit. (*Id.* at 17). In essence, Plaintiff contends that the mere fact that "they work together" is not sufficient to contend that other Lowndes County Sheriff's deputies are "disqualified" to serve Defendants White and Welch. (*Id.*)

In their Reply (Doc. 11), Defendants Welch and White contend that Georgia law treats the sheriff and deputies of a county as "one and the same" in the context of determining whether the deputies who are not named as parties to a lawsuit may serve the sheriff or other deputies in the same county with process in that lawsuit. (Doc. 11, at 8). Therefore, Defendants Welch and White contend that service of process conducted by other deputies of the Lowndes County Sheriff's Office makes the service of process upon Defendants White and Welch void; as a result, Defendants contend that this Court lacks personal jurisdiction over them. (*Id.*)

Service of process is a jurisdictional requirement, and if a party has not been properly served, the Court lacks personal jurisdiction over them. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). When assessing the validity of service of process, the standards of proof governing motions to dismiss "for lack of personal jurisdiction" are applicable. *Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) (citations omitted); *see also*

8

*Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010) (noting that proper service of process is one of the components of personal jurisdiction). Under Rule 12(b)(5), a defendant may bring a motion to dismiss based on insufficient service of process. Fed. R. Civ. P. 12(b)(5). A plaintiff must serve the summons and a copy of the complaint on each defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m).

In Georgia, process shall be served by: "the sheriff of the county where the action is brought or where the defendant is found, or by his deputy;  the marshal or sheriff of the court or by such official's deputy; any citizen of the United States specifically appointed by the court for that purpose; a person who is not a party, not younger than 18 years of age, and has been appointed by the court to serve process or as a permanent process server; or a certified process server as provided in Code Section 9-11-4.1." O.C.G.A. § 9-11-4(c). Critically, the Supreme Court of Georgia held that a valid service of process in Georgia requires the server to be "wholly disinterested in the outcome of the litigation and free from bias" because the law has "wisely entrusted the decision of disputes between citizens to persons [who are] wholly disinterested" in the lawsuit. *Abrams v. Abrams*, 239 S.E.2d 33, 35 (Ga. 1977) (noting that Georgia cases establish that execution of legal process should be done by persons "wholly disinterested" in litigation); *Yeary v. Bell*, 492 S.E.2d 278, 279– 80 (Ga. Ct. App. 1997); *Church v. Bell*, 443 S.E.2d 677 (Ga. Ct. App. 1994) (affirming the trial court's finding that the service on sheriff's deputies was defective because it was made by another deputy sheriff and this service is contrary to the public policy of the state). Additionally, a suit against a sheriff or his deputies in their official capacities constitutes a suit against the sheriff's office. *Manders v. Lee*, 338 F.3d 1304, 1311 (11th Cir. 2003). Thus, if the sheriff or his deputies are party to the lawsuit, the process then shall be directed to the

9

coroner of the county and to the sheriffs of the adjoining counties and may be served by either, as convenience may suggest. *Abrams*, 239 S.E.2d at 33; *see also Hillyer v. Pearson*, 45 S.E. 701, 702–03 (Ga. 1903) (holding that where a sheriff or sheriff's deputy is a party to a suit, process directed to the sheriff and his deputies, wherein it was served by one of sheriff's deputies, is void).

Here, in his Amended Complaint (Doc. 6), Plaintiff sued Defendants White and Welch in their individual as well as official capacities as law enforcement officers with the Lowndes County Sheriff's Office. (Doc. 6). Upon consideration of Plaintiff's Amended Complaint (Doc. 6) and Defendant's Motion to Dismiss (Doc. 7) wherein Defendants raised the defense of improper service of process, the Court finds that it lacks personal jurisdiction over the Defendants due to the improper service of process. "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been [properly] served." *Pardazi*, 896 F.2d at 1317., Therefore, where a court finds insufficient service, it is "improper" for the district court to reach the merits in the case. *Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 183 (11th Cir. 2007). Here, Defendants Welch and White attached sheriff's entry of service forms (Doc. 7-2), showing that they had been served by the Lowndes County Sheriff's Office, where Defendants work as deputies.

Indeed, the issue of service prior to removal does not foreclose service being effected in the district court. *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972). When a case has been removed from state court to any district court, in which the service of process has not been perfected to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same

manner as in cases originally filed in such district court. 28 U.S.C. § 1448. In other words, notwithstanding the plaintiff's deficient attempt at service of process under state law, a plaintiff may still perfect service after removal under the provisions of federal law. *Rentz v. Swift Transp. Co.*, 185 F.R.D. 693, 697 (M.D. Ga. 1998).

Under federal law, Plaintiff is required to serve process within "90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Here, Defendants Welch and White removed the case to this Court on November 6, 2023. (Doc. 1). Moreover, Defendants' Notice of Removal expressly warned Plaintiff that service was "invalid and void." (Doc. 1, at 2). Despite this warning, however, Plaintiff failed to perfect service by February 4, 2024, which would have been 90 days since the removal. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days . . . the Court. . . must dismiss the action without prejudice against that defendant <u>or</u> order that service be made within a specified time." (emphasis added).

Thus, upon review of Plaintiff's Response (Doc. 10), the Court finds that Plaintiff attempted to timely serve Defendants Welch and White, although Plaintiff's attorney appears to have erroneously and mistakenly believed that having another Lowndes County Sheriff's Office deputy, who is not named to the lawsuit, may properly serve Defendants Welch and White. (Doc. 10, at 16–17). Thus, the Court shall permit and **ORDER** Plaintiff to properly and timely serve Defendants Welch and White within **twenty-one (21) days** of entry of this Order. Failure to do so may result in dismissal of the instant case without prejudice. If and once Plaintiff properly and timely serves Defendants Welch and White, the Court shall then consider the merits of Defendants' Motion to Dismiss (Doc. 7) on other grounds asserted and make its ruling.

## **CONCLUSION**

For the aforementioned reason, Defendant White and Welch's Motion to Dismiss the initial complaint (Doc. 2) is **DISMISSED as moot** due to the filing of Plaintiff's Amended Complaint (Doc. 6). Next, Defendant Sasnett's Motion to Dismiss (Doc. 14) is **GRANTED** based on both Parties' agreement that the Court lacks jurisdiction over Defendant Sasnett for lack of valid service and the Court's review of the relevant record and arguments presented in Plaintiff's and Defendant Sasnett's briefs. (Doc. 14); (Doc. 20, at 4). Accordingly, Defendant Sasnett is **DISMISSED** as a defendant in this case **without prejudice**. Lastly, Defendants White and Welch's Motion to Dismiss (Doc. 7) is **GRANTED-IN-PART** based on lack of proper service, and Plaintiff is **ORDERED** to properly and timely serve Defendants White and Welch within **twenty-one (21) days** of entry of the Order. Plaintiff is warned that failure to do so may result in dismissal of the instant case without prejudice without further notice or proceedings.

**SO ORDERED**, this 7th day of May 2024.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**