# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| JEFFREY GRAY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 7:23-CV-120 (WLS) |
| : | |
| SGT. KYLE WHITE, and : | |
| DEPUTY MIKE WELCH, in their : | |
| individual and official capacities as LEOs : | |
| with the Lowndes County Sheriff's : | |
| Office, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

Before the Court is once again a failed attempt at perfecting service by Plaintiff. As background, the Court entered an Order (Doc. 21) on May 7, 2024, which granted-in-part Defendants Kyle White and Mike Welch's ("Defendants") Motion to Dismiss the Amended Complaint (Doc. 7), due to Plaintiff's failure to properly and timely serve Defendants pursuant to Federal Rule of Civil Procedure Rule 4(m). In doing so, the Court ordered Plaintiff to properly and timely serve Defendants within twenty-one days of the Court's Order. (Doc. 21 at 12). Thereafter, when Plaintiff failed to file proof of service on the Record, as required by Rule 4(l)(1), the Court again ordered Plaintiff to comply with Rule 4 by filing the appropriate proof of executed service by Wednesday, November 13, 2024. (Doc. 23). Plaintiff was warned in each of the Court's Orders that failure to comply with the Court's instructions could result in dismissal of his case without further notice or proceedings. (*See* Doc. 21 at 12; Doc. 23 at 2).

On November 13, 2024, Plaintiff filed two proof of service affidavits in response to the Court's Order.[1] (Doc. 24). The affidavits indicate that a summons was served on

---

[1] For the purpose of this Order, the Court finds the process server's affidavit sufficiently credible. The Court, however, makes no findings of fact regarding whether service was made. The Court recounts the contents of the server's affidavit to the extent it explains how Defendant White's conduct frustrated Plaintiff's attempt to comply with the Court's previous Orders.

Defendant Mike Welch on November 13, 2024. (*Id.* at 2). The summons for Defendant Kyle White, however, was returned unexecuted, despite attempts by the process server to effectuate service upon Defendant White. (*Id.* at 1). The affidavit related to Defendant White reflects that the server made contact with Defendant White on the evening of November 13, 2024, but Defendant White stated that "he was currently unavailable for service" and refused to provide his current address. (*Id.*) The process server nonetheless obtained Defendant White's address and attempted to serve him at his residence. Despite the interior lights of the home being on and vehicles—including a Lowndes County patrol vehicle—parked outside, the server was ultimately unable to serve the summons after "ma[king] multiple attempts to illicit a response" from Defendant White. (*Id.*)

Defendants filed a Response (Doc. 28) to Plaintiff's filings on November 14, 2024, arguing that Plaintiff has again failed to affect service in accordance with the Rules. Specifically, Defendants contend that the summons served on Defendant Welch does not comply with Rule 4 because it was not "signed, sealed, and issued by the federal clerk, it does not name the federal court, it is not directed to [Defendant] Welch, and it states an incorrect time for him to appear. . . ."[2] (*Id.* at 1). Defendants assert that Defendant White "also has not been served pursuant to [the Rules]." (*Id.* at 2).

Upon review of the proof of service affidavits filed by Plaintiff and Defendants' response thereto, the Court agrees with Defendants to the extent that the summons executed on Defendant Welch does not comply with Rule 4(a). The Court, however, is unwilling to dismiss Plaintiff's claims for noncompliance, given Defendant White's apparent deliberate and knowing attempt to avoid service.

Accordingly, the Court will give Plaintiff one final chance to entirely comply with the Federal Rules governing service of process. Plaintiff is hereby **ORDERED** to properly serve Defendants and file the appropriate proof thereof within **fourteen (14) days** of the entry of this Order, or **by no later than Tuesday, December 3, 2024**. Plaintiff is **NOTICED** that

---

[2] Defendant Welch's affidavit, attached as an exhibit to Defendants' Response, indicates that he received a state court summons, the Court's October 30 Order, and a copy of Plaintiff's state court complaint from the process server. (*See* Doc. 28-1 at 4–24).

2

failure to comply with this Order will result in dismissal of all or part of the action without prejudice as may be appropriate and without further notice or proceedings.

**SO ORDERED**, this 18th day of November 2024.

>  **/s/ W. Louis Sands**
> **W. LOUIS SANDS, SR. JUDGE**
> **UNITED STATES DISTRICT COURT**

3